**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated, | Case No. 1:25-cv-1504 |
| Plaintiff, | Judge Steven C. Seeger |
| v. | Magistrate Judge M. David Weisman |
| WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE, | |
| Defendants. | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following Initial Status Report.  *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b).  As noted in Section II, the parties respectfully request that the Court defer the parties' submission of a discovery plan and entry of scheduling order in light of the pending motion to dismiss.

I.     **Nature of the Case**

     A.     **Identify the attorneys of record for each party.  Note the lead trial attorney and any local counsel.**

**Plaintiff:** Kyle D. McLean (lead trial attorney), Oren Faircloth, Scott Haskins, and Kimberly Dodson – Siri & Glimstad, LLP.

**Defendant:** Samuel M. Schwartz-Fenwick and Ada W. Dolph – Seyfarth Shaw, LLP

     B.     **Basis for Jurisdiction:**

This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and § 28 U.S.C. 1331 as Plaintiff seeks relief for alleged violations of the Employee Retirement Income Security Act, ("ERISA") 29 U.S.C. § 1182, 29 U.S.C. §§ 1104 and 1106.

**C.     Provide a short overview of the case in plain English (five sentences or less).**

Plaintiff is a participant in the Walgreens Health and Welfare Plan who seeks class wide relief on behalf of similarly situated participants subjected to an allegedly unlawful Medical Premium Surcharge for Tobacco Users. Plaintiff alleges that Defendants violated ERISA's anti-discrimination protections by imposing increased premiums on tobacco users without offering a complaint wellness program, as required under ERISA and the governing regulations. Specifically, Plaintiff' challenges the Plan's failure to meet the mandatory criteria necessary to lawfully charge a Medical Premium Surcharge for Tobacco Users resulting in improper and discriminatory premium increases. Plaintiff also alleges various breaches of fiduciary related to the administration of the surcharge program.

Defendants deny that the Plan charges a tobacco surcharge, and deny that offering a reduced health insurance premium to tobacco-using employees who participate in a tobacco cessation program—even if it does not result in their quitting tobacco--violates ERISA and deny that the Complaint states a claim for the reasons further detailed in Defendants' Motion to Dismiss (*see* Part F., below).

**D.     Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Count I alleges violations of ERISA's antidiscrimination provisions 29 U.S.C. § 1182 and 42 U.S.C. § 300gg-4 for the imposition of discriminatory Medical Premium Surcharges for Tobacco Users without offering a compliant wellness program.

Count II alleges breaches of fiduciary duty pursuant to ERISA, 29 U.S.C. § 1104 related to allegations that Defendants administered a non-compliant wellness program and allowed unlawful Medical Premium Surcharges for Tobacco Users. It also alleges that Defendants violated ERISA, 29 U.S.C. § 1106 by engaging in a prohibited transaction by using the premiums collected from tobacco users to offset Defendants' financial obligations to the plan.

**E.      What are the principal factual issues?**

The principal factual issues are:

(1)      Whether Defendants' wellness program complied with the "full reward" requirement, and if the program was required in the first instance to comply with that requirement.

(2)      Whether Defendants' disclosures to participants regarding the wellness program complied with ERISA.

(3)      Whether Defendants met their duties to monitor the terms of the program and the fiduciaries involved in administering Walgreens' wellness program.

(4)      Whether Defendants breached their ERISA fiduciary duties of loyalty and prudence.

(5)      Whether Defendants engaged in prohibited transactions under ERISA.

(6)      The manner in which Defendants collected, retained, and utilized the Medical Premium Surcharge for Tobacco Users to participants who either used tobacco or failed to timely complete the program.

(7)      Plaintiff's and the class's alleged damages.

**F.      What are the principal legal issues?**

The principal legal issues stated in Plaintiff's Complaint are:

(1)      Whether Walgreens' Medical Premium Surcharge for Tobacco Users was permissible under ERISA.

(2)      Whether Defendants' disclosures complied with ERISA.

(3)      Whether Defendants engaged in prohibited transactions under 29 U.S.C. § 1106.

The principal legal issues raised in Defendants' Motion to Dismiss are:

(1)      Whether Plaintiff has standing to pursue the allegations stated in the Complaint;

(2)      Whether Plaintiff has adequately stated a claim that the Plan's wellness program fails to comply with ERISA;

3

(3)      Whether Plaintiff has stated a claim for breach of fiduciary duty; and

(4)      Whether Plaintiff has identified a transaction which is prohibited by ERISA.

**G.      What relief is the plaintiff(s) seeking?  Quantify the damages, if any.**

Plaintiff seeks relief to the Plan for alleged violations of ERISA, including declaratory and injunctive relief, reimbursement of Medical Premium Surcharge for Tobacco Users, disgorgement of benefits or profits, restitution, and attorney's fees.

**H.      Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.**

All Defendants have been served.

## II.      <u>Discovery</u>

In light of the pending Motion to Dismiss filed by Defendants, the parties have conferred and agree that it is premature at this stage to propose a discovery plan. Disposition of Defendants' Motion could result in dismissal or a narrowing of the issues which will significantly impact the scope of discovery. Accordingly, the parties respectfully request that the Court stay discovery and enter an order requiring the parties to submit a proposed discovery plan and scheduling order within seven (7) calendar days of disposition of the Motion to Dismiss, if necessary.

## III.      <u>Trial</u>

**A.      Have any of the parties demanded a jury trial?**

Neither party has demanded a jury trial.

**B.      Estimate the length of trial.**

The parties request that the Court defer submission of an estimated trial length until seven (7) calendar days following the Court's determination of the pending Motion to Dismiss.

## IV.      <u>Settlement, Referrals, and Consent</u>

**A.** **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)**

To date, Plaintiff has not made a settlement demand, and the parties have not engaged in settlement discussions.

**B.** **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

The parties do not request a settlement conference at this time.

**C.** **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties have conferred with their clients, and they do not unanimously consent to the jurisdiction of the magistrate judge.

**V.** **<u>Other</u>**

**A.** **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

Plaintiff respectfully requests that Defendants continue to preserve all relevant documents and electronically stored information related to the Medical Premium Surcharge for Tobacco Users and wellness program. If the case proceeds beyond the pending Motion to Dismiss, Plaintiff anticipates working with defense counsel to prepare an ESI protocol, is committed to working cooperatively to streamline discovery, and notes that the parties may explore settlement discussions following the Court's ruling.

**B.** **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

N/A.

DATED: April 30, 2025

Respectfully submitted,

WALGREEN CO. and WALGREEN HEALTH AND WELFARE COMMITTEE

PLAINTIFF

By: /s/ *Samuel Schwartz-Fenwick*
One of Defendants' Attorneys

By: /s/ *Oren Faircloth*
One of Plaintiff's Attorneys

Samuel Schwartz-Fenwick
Ada Dolph
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
sschwartz-fenwick@seyfarth.com
adolph@seyfarth.com

Oren Faircloth
Kimberly Dodson
Kyle McLean
SIRI & GLIMSTAD LLP
745 Fifth Ave.
Suite 500
New York, NY 10151
Telephone (212) 532-1091
ofaircloth@sirillp.com
kdodson@sirillp.com
kmclean@sirillp.com

*Attorneys for Defendants*

Scott Haskins
SIRI & GLIMSTAD, LLP
220 West Congress Street
2nd Floor
Detroit, MI 48226
shaskins@sirillp.com

*Attorneys for Plaintiff*

6