**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br><br>WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE,<br><br>          Defendants. | Case No. 1:25-cv-1504<br><br>Judge Steven C. Seeger<br><br>Magistrate Judge M. David Weisman |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Alexis J. Roman's Notice of Supplemental Authority ("Plaintiff's Notice") attaches a non-controlling and plainly distinguishable opinion from the United States District Court for the Central District of Illinois in *Waggoner v. The Carle Foundation* (ECF No. 36-1). Defendants therefore reaffirm their request that the Court grant the pending motion to dismiss.

Unlike the tobacco cessation program at issue in this case, *Waggoner* addressed a program that offered no retroactive reimbursement of tobacco related premiums at any time in the calendar year. (ECF No. 36-1 at 18, 39-40.) The *Waggoner* court found this failure to provide retroactive relief violated ERISA regulations. *Waggoner* is inapt in the instant litigation as here it is undisputed that individuals who complete a smoking cessation program (or alternative program) in the Plan at any point between the start of the Plan year and the program completion deadline (90 or 180 days from the start of the Plan year), receive a retroactive reimbursement to the beginning of the Plan year. Because the Plan's tobacco cessation program is lawful, and nothing in *Waggoner* suggests otherwise, this decision is not only non-binding; it is also

irrelevant. The Court should therefore grant the motion to dismiss for the reasons set forth in the pending motion papers.

In addition, the Court should reject the Article III analysis in *Waggoner*. *Waggoner* found the plaintiff had standing by "plausibly alleg[ing] that Defendant, through its administration of the Plan's non-compliant wellness program, has caused her monetary harm, and thus she has suffered a concrete injury in fact under Article III." (ECF No. 36-1 at 18.) The *Waggoner* Court suggests that if failure to refund the surcharge retroactively were found to be unlawful, that would result in the deemed deletion of the entire tobacco surcharge provision. If that occurred, the plaintiff would recoup the surcharges she paid to the now eliminated tobacco surcharge program. This argument ignores how an ERISA plan operates, as well as Supreme Court precedent on standing that requires more when tracing an injury to alleged challenged conduct. (*See* ECF No. 23 at 7-9; ECF No. 33 at 8-9.) An ERISA plan provision deemed unlawful is not deleted as *Waggoner* suggests. Rather, the provision is "reformed" so that it comports with the law. *See CIGNA Corp. v. Amara et al.*, 563 U.S. 421 (2011) (holding that the power to reform an unlawful plan provision is contained in ERISA 29 U.S.C. § 1132(a)(3)).

Here, there is no dispute that a tobacco surcharge is lawful. The sole dispute is whether the Plan can impose a deadline for completion of the tobacco cessation program in order to qualify for retroactive reimbursement of the tobacco surcharge. Therefore, if the Court adopts Plaintiff's theory that no deadline can be imposed, in accord with *Amara*, it would equitably reform the Plan only to eliminate this deadline. If that were to occur, that would only mean that participants who completed a cessation program after the program completion deadline would be entitled to a retroactive reimbursement of the surcharge. Such a holding would have no impact on individuals like Plaintiff who never started, let alone completed, the tobacco cessation

2

program. Because Plaintiff would recover nothing even if her theory prevailed, she lacks Article III standing.

## **CONCLUSION**

For the reasons stated above, the *Waggoner* decision does not support nor compel the denial of Defendants' Motion to Dismiss. Defendants respectfully request that their Motion to Dismiss be granted.

DATED:  September 29, 2025

Respectfully submitted,

WALGREEN CO. AND WALGREEN
HEALTH AND WELFARE COMMITTEE


BY: */S/ Samuel Schwartz-Fenwick*
　　　　Samuel Schwartz-Fenwick

Samuel Schwartz-Fenwick
Ada Dolph
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
sschwartz-fenwick@seyfarth.com
adolph@seyfarth.com

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, as listed below, via the Court's CM/ECF filing system on the 29th day of September 2025.

Kimberly Dodson
Email: kdodson@sirillp.com
Oren Faircloth
Email: ofaircloth@sirillp.com
Siri & Glimstad LLP
745 Fifth Ave.
Suite 500
New York, NY 10151

Scott Haskins
Siri & Glimstad, LLP
220 West Congress Street
2nd Floor
Detroit, MI 48226
Email: shaskins@sirillp.com

*/s/Samuel Schwartz-Fenwick*
Samuel Schwartz-Fenwick

4