**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated, | Case No. 1:25-cv-1504 |
| Plaintiff, | Judge Steven C. Seeger |
| v. | Magistrate Judge M. David Weisman |
| WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE, | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Alexis J. Roman's Notice of Supplemental Authority ("Plaintiff's Notice") attaches a non-controlling preliminary ruling: the Report and Recommendation from the Magistrate Judge in the United States District Court for the Western District of Louisiana in *Knight v. LHC Group Inc.* (ECF No. 41-1.) The *Knight* decision is plainly distinguishable, and Defendants therefore reaffirm their request that the Court grant their pending motion to dismiss.

The Walgreen Health & Welfare Plan ("Plan") does not contain the same allegedly deficient aspects the Magistrate Judge in *Knight* found sufficient to support the plaintiff's claims and the court's holding is contrary to the applicable federal regulations. In *Knight,* the court found that the plaintiff had sufficiently alleged an injury based upon being subject to a surcharge in connection with a non-compliant wellness program. (ECF No. 41-1 at 7-8.) The court found plausible non-compliance by accepting the allegations that an approximate four-month deadline to complete the tobacco cessation program was plausibly unreasonable and denied similarly situated participants the full reward of reduced premiums. (ECF No. 41-1 at 18.) The court's

holding was in error because it contravenes ERISA's plain language and the applicable federal regulations which expressly allow a plan to require participation in a wellness program at a specific time and place. *See* 29 C.F.R. § 2590.702(f)(4)(v).

Similarly, the *Knight* court found that the plaintiff had plausibly alleged that the plan disclosures were non-compliant by pointing to plan documents and a summary plan description that were not provided to the court and by pointing to other disclosures that plausibly should have included the required disclosure under the applicable regulations. (ECF No. 41-1 at 23.) Here, Plaintiff has admitted that the Plan's SPD is compliant and has not pointed to a deficient disclosure under the regulations. (ECF No. 29 at n. 6; ECF No. 33 at 5.) Thus, the allegations that led to a finding of plausible non-compliance in *Knight* are not present here, and the reasoning of *Knight* should be rejected.

Finally, this Court should reject the *Knight* court's reasoning in finding that the plaintiff had plausibly alleged claims for breach of ERISA's fiduciary duty and for a prohibited transaction. First, the court's holding was premised on a plausibly non-compliant wellness program that differed from the Plan here. (ECF No. 41-1 at 18, 23, 25, 30-31.) Its holding was also based on the plan allegedly improperly depositing surcharge premiums with general company assets and not in a trust. (ECF No. 41-1 at 30-31.) However, the Plan at issue here is a cafeteria plan and exempt from the requirement of depositing premiums in a trust. *See Phelps v. CT Enters.*, 194 F. App'x 120, 125 (4th Cir. 2006). The Court should therefore grant the motion to dismiss for the reasons set forth in the pending motion papers.

## CONCLUSION

For the reasons stated above, the *Knight* decision does not support nor compel the denial of Defendants' Motion to Dismiss. Defendants respectfully request that their Motion to Dismiss be granted.

DATED:  December 16, 2025                Respectfully submitted,

WALGREEN CO. AND WALGREEN
HEALTH AND WELFARE COMMITTEE


BY: */S/ Samuel Schwartz-Fenwick*
       Samuel Schwartz-Fenwick

Samuel Schwartz-Fenwick
Ada Dolph
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
sschwartz-fenwick@seyfarth.com
adolph@seyfarth.com

*Attorneys for Defendants*

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, as listed below, via the Court's CM/ECF filing system on the 16th day of December 2025.

Kimberly Dodson
Email: kdodson@sirillp.com
Oren Faircloth
Email: ofaircloth@sirillp.com
Siri & Glimstad LLP
745 Fifth Ave.
Suite 500
New York, NY 10151

Scott Haskins
Siri & Glimstad, LLP
220 West Congress Street
2nd Floor
Detroit, MI 48226
Email: shaskins@sirillp.com

*/s/Samuel Schwartz-Fenwick*
Samuel Schwartz-Fenwick

4