## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated, | Case No. 1:25-cv-1504 |
| Plaintiff, | Judge Steven C. Seeger |
| v. | Magistrate Judge M. David Weisman |
| WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE, | |
| Defendants. | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, by and through undersigned counsel, respectfully submits this response to Plaintiff's Notice of Supplemental Authority (ECF 44), which directed the Court to the Western District of Texas's recent order in *Wilson v. Whole Foods Market, Inc.*, No. 1:25-cv-00085-DAE (W.D. Tex. Jan. 20, 2026). *Wilson* is neither controlling or persuasive.

As a threshold matter, *Wilson* is inapt in the instant litigation as here it is undisputed that individuals who complete a smoking cessation program (or alternative program) in the Plan at any point between the start of the Plan year and the program completion deadline (90 or 180 days from the start of the Plan year), receive a retroactive reimbursement to the beginning of the Plan year. Because the Plan's tobacco cessation program is lawful, and nothing in *Wilson* suggests otherwise, this decision is not only non-binding; it is also irrelevant. The Court should therefore grant the motion to dismiss for the reasons set forth in the pending motion papers.

The *Wilson* Court also fails to reckon with the text of ERISA by ignoring the threshold pleading question of whether tobacco use is a health related-status factor. By skipping this step,

1

the Court fails to address whether the plaintiff stated a claim under the statute. The Court further erred in blindly adopting an interpretation of the statute's reference to "full reward" that is at odds with maxims of statutory construction. Defendant therefore reaffirms its request that the Court grant the pending motion to dismiss.

This decision is unpersuasive because the *Wilson* Court never analyzed, nor even considered, the threshold question of whether tobacco use itself is a "health status-related factor" under the statute. This is a grave error because, if tobacco use is not a health-status related factor, the claim has no basis in the statute. To understand the centrality of this question, one must only look to the Complaint. Count I of the Complaint alleges the Plan violates 29 U.S.C. § 1182 by charging higher medical premium for participants who use tobacco products and choose to try not to quit than it charges for those who do not use tobacco. But tobacco use is not a health status-related factor that triggers ERISA's nondiscrimination rule under § 1182(b)(1). Indeed, ERISA restricts "health status-related factor(s)" to include only the factors described in § 1182(a)(1). 29 U.S.C. § 1191b(d)(2). The plain language of the list reveals that Congress intended for the list to be exhaustive, as it nowhere leaves room for further expansion via phrases such as "for example." Tobacco use is not listed as a health status-related factor. *See* 29 U.S.C.§ 1182(a)(1). The *Wilson* Court's failure to address this threshold inquiry undermines the court's conclusion. If tobacco use is not a health status-related factor, charging different medical premiums to participants who are tobacco users and choose to try not to quit fails to state a claim under § 1182(a)(1). Because *Wilson* fails to undertake this predicate statutory determination, the decision does not compel a result here.

Plaintiff also asserts that this Court should follow *Wilson*'s interpretation of the "full reward" requirement under 42 U.S.C. § 300gg-4(j)(3)(D). This provision requires that participants be given access to the "full reward' under the wellness program." *See* 42 U.S.C. §

300gg-4(j)(3)(D). The Court in *Wilson* interpreted this provision to mean that participants who satisfy a reasonable alternative standard to quitting tobacco use must receive complete retroactive economic value of that reward for the plan year. Thus, in the view of the *Wilson* Court, a participant who quits smoking on December 15 is legally entitled to receive premium rebates for the entire year.

The reading given to this text by the *Wilson* Court is at odds with both common sense and with other decisions that have expressly rejected the retroactivity requirement. Indeed, the *Wilson* Court fails to grapple with how its reading of the text aligns with the purpose of the statute to allow plan sponsors to include incentives to help participants quit harmful conduct such as smoking. In accord with both the text of ERISA and its mandate to incentivize plan sponsors to encourage healthy lifestyle choices, other authority holds that prospective removal of tobacco surcharges *after* completion of the wellness program "provides a compliant reasonable alternative standard, such that the imposition of the tobacco surcharge does not run afoul of ERISA's nondiscrimination mandate." *Buescher v. North American Lighting, Inc.*, 2025 U.S. Dist. LEXIS 135992, *74 (C.D. Ill. June 30, 2025).

## <u>CONCLUSION</u>

For the foregoing reasons, the *Wilson* decision does not support or compel denial of Defendant's Motion to Dismiss. Defendant respectfully requests its Motion to Dismiss be granted.

DATED: February 12, 2026                         Respectfully submitted,

WALGREEN CO. and WALGREEN
HEALTH AND WELFARE COMMITTEE

By: /s/ Samuel Schwartz-Fenwick

Samuel Schwartz-Fenwick

323511765v.2

Samuel Schwartz-Fenwick
Ada Dolph
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
sschwartz-fenwick@seyfarth.com
adolph@seyfarth.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of

record, as listed below, via the Court's CM/ECF filing system on the 12th day of February 2026.

Kimberly Dodson
Email: kdodson@sirillp.com
Oren Faircloth
Email: ofaircloth@sirillp.com
Siri & Glimstad LLP
745 Fifth Ave.
Suite 500
New York, NY 10151

Scott Haskins
Siri & Glimstad, LLP
220 West Congress Street
2nd Floor
Detroit, MI 48226
Email: shaskins@sirillp.com

*/s/Samuel Schwartz-Fenwick*
Samuel Schwartz-Fenwick

-4-