## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br><br><br>WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE,<br><br>       Defendants. | Case No. 1:25-cv-1504<br><br>Judge Steven C. Seeger<br><br>Magistrate Judge M. David Weisman |

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants by and through undersigned counsel, respectfully submits this Notice of Supplemental Authority to inform the Court of a recent decision by the Eastern District of Missouri that is substantially similar to this case. In *Plesha v. Ascension Health Alliance*, No. 4:24-cv-01459-CMS (E.D. Mo. Feb. 3, 2026) (attached hereto as **Exhibit 1**), Judge Stevens granted defendant Ascension Health Alliance's motion to dismiss with prejudice. The *Plesha* decision issued after Defendant submitted its briefing on the pending Motion to Dismiss and supports Defendant's arguments raised therein.

In *Plesha*, the court held the "full reward" requirement in 42 U.S.C. § 300gg-4(j)(3)(D) does not mandate retroactive reimbursement of tobacco surcharges. Instead, the *Plesha* Court determined that the statute permits employers to structure a wellness-program reward as the "absence of a surcharge," which is a prospective benefit only. Slip op. at 10–14. The Court focused on the statutory text in reaching this result. It held that because 42 U.S.C. § 300gg-4(j)(3)(D) does not require a plan administrator to retroactively reimburse a member for a tobacco use surcharge,

[a plan that does provide retroactive reimbursement for a tobacco use surcharge] does not violate ERISA." Slip op. at 14–15. The Court further fulsomely interpreted the text of ERISA to reject a claim of fiduciary breach, because the challenged plan provisions were the result of plan design decisions and not fiduciary conduct, and because a party cannot breach a fiduciary duty when as here the tobacco surcharge wholly complied with ERISA. *Id.* at 20.

As the Court correctly found that no retroactive award was required by ERISA, consistent with this ruling, the plan here is surely comports with ERISA. Indeed, it is undisputed that individuals who complete a smoking cessation program (or alternative program) in the Plan at any point between the start of the Plan year and the program completion deadline (90 or 180 days from the start of the Plan year), receive a retroactive reimbursement to the beginning of the Plan year. The Court should therefore grant the motion to dismiss for the reasons set forth in the pending motion papers.

The *Plesha* Court also held that alleged notice deficiencies regarding a reasonable alternative standard do not constitute a concrete injury under Article III absent a resulting harm. Slip op. at 15–18. *Plesha* explained that a plaintiff must show how the contents of the notice changed her behavior or caused her to suffer monetary loss and mere assertions of "uninformed decision-making" are insufficient. *Id*. These principles support dismissal here, where Plaintiff does not allege any behavior she would have changed, particularly given that she never attempted to participate in any reasonable alternative standard.

DATED: February 12, 2026                              Respectfully submitted,

323511744v.2

WALGREEN CO. and WALGREEN
HEALTH AND WELFARE COMMITTEE

By: /s/ Samuel Schwartz-Fenwick

Samuel Schwartz-Fenwick

Samuel Schwartz-Fenwick
Ada Dolph
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
sschwartz-fenwick@seyfarth.com
adolph@seyfarth.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of

record, as listed below, via the Court's CM/ECF filing system on the 12th day of February 2026.

Kimberly Dodson
Email: kdodson@sirillp.com
Oren Faircloth
Email: ofaircloth@sirillp.com
Siri & Glimstad LLP
745 Fifth Ave.
Suite 500
New York, NY 10151

Scott Haskins
Siri & Glimstad, LLP
220 West Congress Street
2nd Floor
Detroit, MI 48226
Email: shaskins@sirillp.com

*/s/Samuel Schwartz-Fenwick*
Samuel Schwartz-Fenwick

-3-

323511744v.2