**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE,<br><br>Defendants. | Civil Action No.: 1:25-cv-1504<br><br>Judge Steven C. Seeger<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Alexis J. Roman, through counsel, respectfully submits this Response to Defendants, Walgreen Company's and the Walgreen Health and Welfare Committee's (collectively "Walgreen") Notice of Supplemental Authority (ECF No. 46), which cites *Plesha v. Ascension Health Alliance*, No. 4:24-cv-01459-CMS, 2026 U.S. Dist. LEXIS 22061 (E.D. Mo. Feb 3, 2026).

**I.    *Plesha* is an Outlier That Conflicts with ERISA's Plain Text and the Weight of Authority.**

The *Plesha* court's interpretation of the statute renders the modifier "full" in "full reward" meaningless. Congress specifically required that "[t]he full reward under the wellness program shall be made available to all similarly situated individuals." 42 U.S.C. § 300gg-4(j)(3)(D) (emphasis added). The word "full" must have independent meaning. *See Novak v. Bank of N.Y.*

*Mellon Tr. Co., NA.*, 783 F.3d 910, 913 (1st Cir. 2015) ("It is a 'cardinal principle of statutory construction that we must give effect, if possible, to every clause and word of a statute.'")

Reading "full reward" to mean only prospective relief from the surcharge, as *Plesha* does, "collapses 'full reward' into 'some reward later,' effectively deleting the word 'full' from Congress's text." *Wilson v. Whole Food Mkt., Inc.*, No. 1:25-cv-00085, 2026 U.S. Dist. LEXIS 10099, at \*25 (W.D. Tex. Jan. 19, 2026) (rejecting the same prospective-only interpretation, finding that "the word 'full' would not be given effect"). The *Wilson* court specifically cautioned that adopting an interpretation like *Plesha*'s "would effectively allow plans to discriminate on the basis of a health factor for most of the plan year" by permitting employers to "offer the reasonable alternative standard at the very end of the plan year" while retaining all prior surcharge payments. *Id.* at \*26.

*Plesha* is simply an outlier, and the weight of authority supports Plaintiff's interpretation. Multiple federal courts have concluded that ERISA's "full reward" requirement means participants who satisfy a reasonable alternative standard must receive the entire year's worth of premium differential, not just prospective relief. *See Bokma v. Performance Food Grp., Inc.*, 783 F. Supp. 3d 882 (E.D. Va. 2025); *Wilson*, 2026 U.S. Dist. LEXIS 10099, at \*26; *Bailey v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 2:24-cv-02749, 2025 U.S. Dist. LEXIS 190335 (W.D. Tenn. Sept. 26, 2025); *Waggoner v. Carle Found.*, No. 24-cv-2217, ECF 27, at 45 (C.D. Ill. Sept. 16, 2025); *Fisher v. GardaWorld Cash Serv. Inc.*, No. 3:24-cv-00837, 2025 U.S. Dist. LEXIS 167251, at \*21 (W.D.N.C. Aug. 27, 2025); *Mehlberg v. Compass Grp. USA, Inc.*, No. 24-cv-04179, 2025 U.S. Dist. LEXIS 84589 (W.D. Mo. Apr. 15, 2025); *Sec'y of Labor v. Macy's, Inc.*, No. 1:17-cv-541, 2021 U.S. Dist. LEXIS 221603 (S.D. Ohio Nov. 17, 2021).

## II. *Plesha* Erroneously Held That Administering a Tobacco Surcharge Program Is a "Settlor" Function.

The *Plesha* court's conclusion that administering a tobacco surcharge program constitutes a "settlor" function, rather than a fiduciary function, is the only decision to have reached this conclusion. *See Plesha*, 2026 U.S. Dist. LEXIS 22061, at *22 ("In adopting the tobacco use surcharge and the wellness program generally, Defendant acted not as a fiduciary, but as a settlor."). This holding fundamentally mischaracterizes the nature of the conduct at issue.

Plaintiff does not challenge Walgreen's initial decision to adopt a tobacco surcharge program, which would indeed be a settlor function. Rather, Plaintiff challenges how Walgreen *administered* the program: by collecting surcharges from participants' paychecks, retaining those funds in its own accounts, earning interest on them, and using them to offset its own contribution obligations to the Plan. These are quintessential administrative functions that trigger fiduciary duties under ERISA.

The *Plesha* court cited *Alves v. Harvard Pilgrim Health Care Inc.*, 204 F. Supp. 2d 198, 210 (D. Mass. 2002), for the proposition that "there can be no breach of fiduciary duty where an ERISA plan is implemented according to its written, nondiscretionary terms." *Plesha*, 2026 U.S. Dist. LEXIS 22061, at *22. But *Alves* does not help Defendant. Plaintiff alleges that GFH's administration of the tobacco surcharge program *violated* ERISA's requirements, so it was not "implemented according to" lawful terms. A fiduciary who administers a plan that does not conform with ERISA's anti-discrimination provisions breaches its duty to act "in accordance with the documents and instruments governing the plan" and applicable law. 29 U.S.C. § 1104(a)(1)(D).

## III. *Plesha*'s Standing Analysis Is Also Flawed.

Plaintiff's injury is the unlawful surcharge itself, not a notice deficiency affecting her conduct. The payment of a discriminatory tobacco surcharge imposed through a non-compliant

wellness program is a concrete monetary injury that is directly traceable to Defendant's unlawful program. "If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). The *Plesha* court's traceability analysis was wrong because it focused solely on the notice deficiency while ignoring that the underlying surcharge program itself violates ERISA's substantive requirements. Both *Plesha* and Defendant make the same mistake identified by the *Wilson* court when it observed that Whole Food's conduct-based analysis "appears to conflate the merits of a fiduciary breach claim . . . with the standing inquiry." *Wilson*, 2026 U.S. Dist. LEXIS 10099, at *18 n.7. This Court should not amplify that mistake.

Moreover, compliance with ERISA's wellness program exception is an affirmative defense and "not something the plaintiff must anticipate and negate in her pleading." *Cunningham v. Cornell Univ.*, 604 U.S. 693, 700–02 (2025) (holding that where a statute establishes a general rule of liability subject to an exception, the exception operates as an affirmative defense). ERISA § 702(b)(1) prohibits health-based premium discrimination, and § 702(b)(2) carves out a limited exception for compliant wellness programs. The Departments have made this burden allocation explicit, explaining that the wellness program rules "set forth criteria for an affirmative defense that can be used by plans and issuers in response to a claim that the plan or issuer discriminated." Final Regulations, 33160. Where Plaintiff has alleged that she was required to pay higher premiums based on a health status-related factor, the burden shifts to Defendants to prove compliance. The *Plesha* court erred by requiring Plesha to disprove the defendant's affirmative defense as part of her *prima facie* case.

This Court should decline to follow *Plesha* and deny Defendant's motion to dismiss.

Dated: February 13, 2026　　　　　　　　**SIRI & GLIMSTAD LLP**

/s/ *Oren Faircloth*
Oren Faircloth (*pro hac vice*)
Mason A. Barney
Scott Haskins (*pro hac vice*)
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (929) 677-5181
E: ofaircloth@sirillp.com
E: mbarney@sirillp.com
E: shaskins@sirillp.com


*Attorneys for Plaintiff*