**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE,<br><br>    Defendants. | Case No. 1:25-cv-1504<br><br>Judge Steven C. Seeger<br><br>Magistrate Judge M. David Weisman |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Walgreen Co. (incorrectly named as "Walgreen Corporation") and the Walgreen Health and Welfare Committee (the "Plan") (collectively "Defendants"), respectfully submit this Notice of Supplemental Authority to inform the Court of a recent decision in the United States District Court for the Southern District of New York that is substantially similar to this case. In *Noel v. Pepsico, Inc., et. al.*, case no. 24-CV-7516 (CS) (attached hereto as **Exhibit A**), Judge Cathy Seibel granted the defendants' motion to dismiss with prejudice. The *Noel* decision was issued after Defendants submitted their briefing on the pending Motion to Dismiss and supports Defendants' arguments raised therein.

In *Noel*, the court held that a tobacco cessation program that did not provide for any retroactive rebates during a plan year was not unlawful. (Ex. A at 25-29.) The court reasoned that ERISA does not require that plan participants be given an unlimited opportunity to complete a tobacco cessation program, but only that they be provided a single opportunity to receive the same reduced premiums as non-tobacco using participants. (Ex. A at 25-29.) Here, it found that participants received that opportunity in open enrollment or by completing the tobacco cessation

program during the previous plan year, and that the law did not require more than this single opportunity. (Ex. A at 25-27.) The court similarly found that defendants did not violate the law by setting a deadline during the plan year by which a tobacco cessation program needed to be completed in order for a participant to receive prospective premium reductions. (Ex. A at 25-26.) The court rejected the argument that such a deadline discriminated against participants who completed the program after the deadline and reasoned that the fact that the plan allowed for compliance on more than a single occasion did not require that it provide the opportunity to receive the full reward more than once. (Ex. A at 26-28.)

The court also found that the plaintiff had insufficiently alleged a non-compliant plan notice because the plaintiff failed to identify any specifically deficient notice, instead relying upon conclusory assertions of deficiencies. (Ex. A at 29-31.) Finally, the court rejected claims of fiduciary breach because the challenged plan provisions were the result of plan design decisions and not fiduciary conduct, and because the plaintiff had failed to allege any non-compliant provisions of the plan. (Ex. A at 31-37.)

Consistent with this ruling, the Plan here plainly complies with ERISA. Indeed, it is undisputed that participants who complete the tobacco cessation program at any point between the start of the Plan year and the program completion deadline (90 or 180 days from the start of the Plan year), receive a retroactive premium reimbursement to the beginning of the Plan year and receive prospective relief for the Plan year. The Plan is thus far more generous than what the *Noel* court deemed lawful.

Moreover, as in *Noel*, Plaintiff has not pointed to a deficient disclosure under the regulations. In fact, Plaintiff acknowledged that the Plan's SPD is compliant. (ECF No. 29 at n. 6; ECF No. 33 at 5.). The *Noel* court's findings that the plaintiff failed to sufficiently allege non-

2

3

compliance are instructive here and support the arguments set forth in Defendants' Motion.

Thus, the Court should grant Defendants' pending Motion to Dismiss for the reasons set forth in

the pending motion papers.

DATED: March 6, 2026

Respectfully submitted,

WALGREEN CO.

WALGREEN HEALTH AND WELFARE
COMMITTEE

By: /s/ *Samuel Schwartz-Fenwick*
     One of their attorneys

Samuel Schwartz-Fenwick
Ada Dolph
 SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
sschwartz-fenwick@seyfarth.com
adolph@seyfarth.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of

record, as listed below, via the Court's CM/ECF filing system on the 6th day of March, 2026.


Oren Faircloth
Mason A. Barney
SIRI & GLIMSTAD LLP
745 Fifth Ave.
Suite 500
New York, NY 10151
Telephone (212) 532-1091
kdodson@sirillp.com
ofaircloth@sirillp.com
mbarney@sirillp.com

Scott Haskins
SIRI & GLIMSTAD, LLP
220 West Congress Street
2nd Floor
Detroit, MI 48226
shaskins@sirillp.com

*Attorneys for Plaintiff*


By: */s/ Samuel Schwartz-Fenwick*
Samuel Schwartz-Fenwick


4