**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br><br>WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE,<br><br>          Defendants. | Case No. 1:25-cv-1504<br><br>Judge Steven C. Seeger<br><br>Magistrate Judge M. David Weisman |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Walgreen Co. (incorrectly named as "Walgreen Corporation") and the Walgreen Health and Welfare Committee (the "Plan") (collectively "Defendants"), by and through undersigned counsel, respectfully submit this response to Plaintiff Alexis J. Roman's Notice of Supplemental Authority (ECF No. 50) which directed the Court to: (1) the United States District Court for the Northern District of Texas's recent decision in *Baker v. 7-Eleven, Inc.*, No. 3:25-cv-01609-x (N.D. Tex. Feb. 19, 2026); and (2) the United States District Court for the Western District of Louisiana's recent order adopting the Magistrate Judge's Report and Recommendation in *Knight v. LHC Group* (E.D. LA. Feb. 24, 2026). The *Baker* and *Knight* decisions are neither controlling nor persuasive and Defendants therefore reaffirm their request that the Court grant their pending Motion to Dismiss.

**I.      The *Baker* Decision Does Not Compel Denial of Defendants' Motion.**

The *Baker* decision should be rejected because the court's finding that the plaintiff had plausibly alleged Article III standing ignores Supreme Court precedent holding that a participant

must plead an injury, not merely a statutory violation in order to have standing. *See Thole v. U. S. Bank N. A.*, 590 U.S. 538, 544 (2020). (Article III requires a concrete injury and a plaintiff cannot establish standing based solely on a statutory violation under ERISA). In contravention of this mandate, the court held that a plaintiff has standing when he never pleaded any way in which the tobacco surcharge and related notice harmed him. (ECF No. 50-1 at 5-6.)

The *Baker* decision should also be rejected as it incorrectly found that the plan's withholding of retroactive reimbursement of tobacco premiums for participants who fail to complete the tobacco cessation program by a March 31st deadline denied those participants the required "full reward." (ECF No. 50-1 at 11-12.)  This conclusion contravenes ERISA's plain language and the applicable federal regulations which expressly allow a plan to require participation in a wellness program at a specific time and place. *See* 29 C.F.R. § 2590.702(f)(4)(v).

Indeed, a plan provides tobacco using participants the required opportunity to obtain the full reward by completing a tobacco cessation program by the required deadline. The conclusion that a plan participant is entitled to retroactive reimbursement of premiums should they complete the tobacco cessation program at any point during the plan year is at odds with common sense and other decisions that have expressly rejected such a requirement. The *Baker* court also fails to grapple with how its reading of the text aligns with the purpose of the statute to allow plan sponsors to include incentives to help participants quit harmful conduct such as smoking.

The *Baker* court further found that the plaintiff had plausibly alleged that the plan disclosures were non-compliant by omitting physician-accommodation statements in certain program descriptions. (ECF No. 50-1 at 12-13.) Here, Plaintiff has admitted that the Plan's SPD is compliant and has not pointed to a deficient disclosure under the regulations. (ECF No. 29 at

2

n. 6; ECF No. 33 at 5.) Thus, the conclusions of the *Baker* court that led to a finding of plausible non-compliance are not present in the Plan or are contrary to the applicable regulations and should be rejected.

Furthermore, the court's conclusion that the plaintiff had plausibly stated claims for a breach of fiduciary duty and a prohibited transaction should be rejected. The *Baker* court found that as plaintiff had stated cognizable fiduciary breaches, so too he had stated prohibited transactions as fiduciaries have a duty to interpret a plan in a manner that adheres to the law. (ECF No. 50-1 at 13-15.) This holding fails because as detailed above the *Baker* court incorrectly found that the tobacco surcharge program and related notice violated the law.

## II. The *Knight* Decision Does Not Compel Denial of Defendants' Motion.

Similarly, the District Court's adopting of the report and recommendation in *Knight* does not compel denial of Defendants' Motion. As set forth in ECF No. 42, and reiterated here for ease of the Court, this ruling contravenes applicable federal regulations by improperly concluding that requiring participants to complete a tobacco cessation program by a deadline denies them the "full reward" of reduced premiums.

In *Knight,* the court found that the plaintiff had sufficiently alleged an injury based upon being subject to a surcharge in connection with a non-compliant wellness program. (ECF No. 41-1 at 7-8.) The court found plausible non-compliance by accepting the allegations that an approximate four-month deadline to complete the tobacco cessation program was plausibly unreasonable and denied similarly situated participants the full reward of reduced premiums. (ECF No. 41-1 at 18.) The court's holding was in error because it contravenes ERISA's plain language and the applicable federal regulations which expressly allow a plan to require participation in a wellness program at a specific time and place. *See* 29 C.F.R. § 2590.702(f)(4)(v).

3

Similarly, the *Knight* court found that the plaintiff had plausibly alleged that the plan disclosures were non-compliant by pointing to plan documents and a summary plan description that were not provided to the court and by pointing to other disclosures that plausibly should have included the required disclosure under the applicable regulations. (ECF No. 41-1 at 23.) Here, Plaintiff has admitted that the Plan's SPD is compliant and has not pointed to a deficient disclosure under the regulations. (ECF No. 29 at n. 6; ECF No. 33 at 5.) Thus, the allegations regarding the notice that led to a finding of plausible non-compliance in *Knight* are not present here. Further, as the Court's reasoning is inconsistent with applicable law, the reasoning of *Knight* is incorrect and should be rejected.

Finally, this Court should reject the *Knight* court's reasoning in finding that the plaintiff had plausibly alleged claims for breach of ERISA's fiduciary duty and for a prohibited transaction. First, the *Knight* court's holding was premised on a plausibly non-compliant wellness program that differed from the Plan here. (ECF No. 41-1 at 25, 30-31.) Its holding was also based on the plan allegedly improperly depositing surcharge premiums with general company assets and not in a trust. (ECF No. 41-1 at 30-31.) However, the Plan at issue here is a cafeteria plan and exempt from the requirement of depositing premiums in a trust. *See Phelps v. CT Enters.*, 194 F. App'x 120, 125 (4th Cir. 2006). The Court should therefore grant the Motion to Dismiss for the reasons set forth in the pending motion papers.

## **CONCLUSION**

For the reasons stated above, the *Baker* and *Knight* decisions do not support nor compel the denial of Defendants' Motion to Dismiss. Defendants respectfully request that their Motion to Dismiss be granted.

4

DATED: March 6, 2026

Respectfully submitted,

WALGREEN CO. AND WALGREEN
HEALTH AND WELFARE COMMITTEE

BY: */S/ Samuel Schwartz-Fenwick*

Samuel Schwartz-Fenwick

Samuel Schwartz-Fenwick
Ada Dolph
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
sschwartz-fenwick@seyfarth.com
adolph@seyfarth.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of

record, as listed below, via the Court's CM/ECF filing system on the 6th day of March 2026.

Oren Faircloth
Mason A. Barney
SIRI & GLIMSTAD LLP
745 Fifth Ave.
Suite 500
New York, NY 10151
Telephone (212) 532-1091
kdodson@sirillp.com
ofaircloth@sirillp.com
mbarney@sirillp.com

Scott Haskins
SIRI & GLIMSTAD, LLP
220 West Congress Street
2nd Floor
Detroit, MI 48226
shaskins@sirillp.com

*/s/Samuel Schwartz-Fenwick*
Samuel Schwartz-Fenwick

6