**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXIS J. ROMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN COMPANY and the WALGREEN HEALTH AND WELFARE COMMITTEE,<br><br>Defendants. | **Civil Action No.: 1:25-cv-1504**<br><br><br>**Judge Steven C. Seeger**<br><br><br>**Magistrate Judge M. David Weisman** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants' notice (Doc. No. 51) should not alter this Court's analysis. The *Noel v. PepsiCo, Inc. & PepsiCo Admin. Comm.*, No. 24-cv-7516, 2026 U.S. Dist. LEXIS 41586 (S.D.N.Y. Feb. 27, 2026), decision rests on a fundamental analytical error: it conflates the statutory requirement that a plan provide participants an opportunity to qualify for a reward annually (29 C.F.R. § 2590.702(f)(4)(i)) with the separate requirement that the "full reward" be made available to all similarly situated individuals (29 C.F.R. § 2590.702(f)(4)(iv)). These provisions address different concerns. The opportunity requirement governs access, while the full-reward requirement governs the value of what participants receive. There is no dispute that an employer has broad discretion over when participants may enroll in or complete a tobacco-cessation alternative, subject, of course, to ERISA's reasonableness constraints (see 29 C.F.R. § 2590.702(f)(4)(iii)). But when a plan allows a participant to satisfy the reasonable alternative standard during the plan year, the statute requires that the participant receive the same economic reward afforded to those

1

who satisfied the initial standard from the outset. 42 U.S.C. § 300gg-4(j)(3)(D). *Noel* improperly collapses these requirements and effectively rewrites "full reward" to mean only whatever value remains after an employer's chosen deadline. That reading cannot be reconciled with the statute's text or its purpose of promoting health.

The *Noel* court's flawed legal analysis becomes obvious when applied to real-world plan design. If the reward under a wellness program is the avoidance of an annual surcharge, then a participant who completes the reasonable alternative standard during that same plan year but receives no reimbursement for surcharges already paid has not received the same reward as non-tobacco users. The participant has received less. Consider a participant who satisfies the standard in June but is terminated in December. Under the plan in *Noel*, that participant receives nothing despite devoting the same time and resources as others. The law should not permit such a result. Allowing employers to impose arbitrary mid-year deadlines that reduce the value of the reward would permit plans to diminish the reward month by month, producing different economic outcomes for similarly situated participants based solely on when they complete the alternative standard. Nothing in ERISA authorizes employers to manipulate the value of the reward like that.

The Departments charged by Congress with implementing the wellness program framework rejected precisely the approach adopted in *Noel*. Yet the court dismissed that guidance by recasting it as limited to circumstances where no alternative standard existed before the plan year. But the guidance itself contains no such limitation. It addresses the value of the reward once a participant qualifies, not the frequency with which a plan must offer enrollment opportunities. By conflating those concepts, *Noel* substitutes the "annual opportunity" requirement for the independent command that the full reward be made available to all similarly situated individuals.

*Noel* also appears to apply the wrong procedural standard. At the Rule 12(b)(6) stage, the

question is not whether plaintiffs have ultimately proven a statutory violation, but whether they have plausibly alleged facts showing that the plan failed to make the full reward available to similarly situated participants. Yet *Noel* effectively required the plaintiff to disprove compliance at the pleading stage, an approach that mirrors summary judgment, not Rule 12(b)(6). That approach is particularly misplaced in light of the Supreme Court's decision in *Cunningham v. Cornell*, 604 U.S. 693, 704 (2025), confirming that it is a defendant's burden to establish that its program satisfies a statutory exception if that defendant seeks to take advantage of a statutory carveout that allows it to collect millions of dollars annually from its own employees.

Defendants' reliance on *Noel* therefore misses the point. Plaintiff does not contend that ERISA requires unlimited year-round enrollment opportunities. The claim is far simpler: when a participant completes the alternative standard for a given plan year, the statute requires that the full reward associated with that year be available to that participant. Defendants' Plan instead imposes arbitrary deadlines that reduce the value of the reward for participants who complete the same alternative standard later in the year, treating similarly situated individuals differently based solely on employer-created timing rules. That result conflicts with ERISA's antidiscrimination framework, which was designed to prevent wellness programs from becoming subterfuges for differential treatment based on health factors.

*Noel* is not persuasive supplemental authority. It conflates distinct statutory requirements, disregards the Departments' interpretation of the "full reward" rule, and approves employer-imposed deadlines that undermine the statute's antidiscrimination purpose. The Court should not follow *Noel*.

3

Dated: March 13, 2026                            **SIRI & GLIMSTAD LLP**

                                          /s/ *Oren Faircloth*
                                          Oren Faircloth (*pro hac vice*)
                                          Mason A. Barney
                                          745 Fifth Avenue, Suite 500
                                          New York, New York 10151
                                          Tel: (929) 677-5181
                                          E: ofaircloth@sirillp.com
                                          E: mbarney@sirillp.com

                                          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2026, I caused to be filed a true and correct copy of the foregoing document with the clerk of court using CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Oren Faircloth
Oren Faircloth, Esq.